# Hubbard *v.* Lancaster, Judge, &c.

### *Application for Mandamus.*

1. *Sale of spiritous, vinous and malt liquors in Elmore county;
   construction of statutes.*—The act of the General Assembly,
   approved February 21, 1899, to prohibit the sale of spiritous,
   vinous and malt liquors within certain named counties, ex-
   cept in certain designated towns in the several counties,
   (Local Acts of 1898-99, p. 1249), including Elmore county,
   excepted from its prohibition the town of Wetumpka,
   and by its provision that in the towns so excepted, liquors
   might be sold "under the restrictions now provided by the
   laws applicable to those towns," the sale of spiritous, vinous
   and malt liquors in the town of Wetumpka was subject to
   the restrictions imposed by the act of 1880-81 (Acts 1880-81,
   p. 33), as amended by the act of 1884-85 (Acts of 1884-85,
   p. 287), and also the restrictions imposed by the Dispensary
   Act, approved February 18, 1899, (Acts of 1898-99, p. 108);
   and inasmuch as the restrictions of the former acts were con-
   tinued in force by the latter act until January 1, 1900, at
   which time the latter act became operative in Elmore county,
   the only law relating to the liquor traffic of Wetumpka on and
   after January 1, 1900, was the Dispensary Act, and, therefore,
   it was not lawful to sell liquor in said town after that time
   except in accordance with the provisions of said act, and the
   probate judge of Elmore county properly refused to issue a
   license to an individual to sell liquor in Wetumpka, on appli-
   cation made after January 1, 1900, although in making such
   application such person complied with all the requirements
   of the law as it existed prior to the Dispensary Act.

APPEAL from the Circuit Court of Elmore.
Heard before the Hon. N. D. DENSON.

On January 22, 1900, the appellant, William Hub-
bard, who was a citizen of Elmore county, applied to

the judge of probate of said county for a license to sell spiritous, vinous and malt liquors in the town of Wetumpka. In making this application he complied with the law as it existed prior to the passage of the act approved February 18, 1899, known as the Dispensary Law (Acts of 1898-1899, p. 108). The probate judge declined to issue said license and based his refusal upon the ground that the said Dispensary Act approved February 18, 1899, governed the sale of spiritous, vinous and malt liquors in Elmore county. Thereupon the said William Hubbard filed a petition addressed to Hon. N. D. DENSON, judge of the fifth judicial circuit, in which he set out said facts as stated above, and asked for the rule *nisi* to the judge of probate of Elmore county, requiring him to issue the license to the petitioner. On the hearing of the petition the judge declined to issue the rule *nisi*, and ordered the petition dismissed. From this judgment the petitioner appeals, and assigns the rendition thereof as error.

J. M. FITZPATRICK, for appellant, cited *State v. Mayor*, 5 Port. 279; *Ex parte Burnett*, 30 Ala. 461; *City Council v. Wetumpka P. R. Co.*, 31 Ala. 611; *Mayor v. Wetumpka Wharf Co.*, 63 Ala. 611; *Eufaula v. McNabb*, 67 Ala. 588; 15 Amer. & Eng. Encyc. (1st ed.) 1039; *Smith v. L. & N. R. R. Co.*, 75 Ala. 449; *S. & N. R. R. Co. v. Morris*, 65 Ala. 193.

WM. L. MARTIN, *contra*, cited *Cobb v. Vary*, 120 Ala. 263; *Ex parte Thomas*, 113 Ala. 6; *State v. Rogers*, 107 Ala. 444; *Ex parte Pollard*, 40 Ala. 77; *Dorman v. State*, 34 Ala. 216; *Ex parte Dorsey*, 7 Port. 293; *Wright v. Ware*, 50 Ala. 549; *Ex parte Lambert*, 52 Ala. 79; *Am. U. T. Co. v. W. U. T. Co.*, 67 Ala. 36; *Bir. Min. R. R. Co. v. Parson*, 100 Ala. 662; *Van Hook v. Selma*, 70 Ala. 361; *L. & N. R. R. Co. v. Baldwin*, 85 Ala. 619; *Beer Co. v. Massachusetts*, 97 U. S. 225; *Phœnix Assu. Co. v. Fire Dept.*, 117 Ala. 631; *Winter v. Sayre*, 118 Ala. 1; *Noble v. Ware*, 100 Ala. 619; *Quartlebaum v. State*, 79 Ala. 1; *Wilburn v. McCalley*, 63 Ala. 436; *Fletcher v. Peck*, 6 Cranch. 87.

McCLELLAN, C. J.—The act "to authorize municipal and other subdivisions of the State to buy and sell spirituous, vinous and malt liquors, and to further regulate or prohibit the sale of such liquors," known as the Dispensary Act, embraces Elmore county, of which Wetumpka is the seat. It was approved February 18, 1899, and was to go into complete operation on Januray 1st, 1900, though the organization of the dispensaries for which it provided was to be perfected before that time. On February 21, 1899, three days after the enactment of said statute, another act was approved having reference to the sale of liquors in said county. Its first section is as follows: "That it shall be unlawful for any person to sell, give away, deliver, barter or exchange vinous, spirituous or malt liquors, or intoxicating bitters or drinks within the limits of Autauga county, within the limits of Chambers county, except in the towns of Lanett and La Fayette, as now provided by law; within the limits of Coosa county, except in the town of Goodwater, and in the county of Elmore, except in the town of Wetumpka. In the said towns above named, such liquors, bitters and drinks may be sold under the restrictions now provided by the laws applicable to those towns." Under Acts of 1880-1881 and 1884-1885, of force as to Elmore county at the time of the passage of the Dispensary Act, and not repealed thereby until after January 1, 1900, licenses to engage in and carry on the liquor traffic were issuable throughout Elmore county to persons who should be recommended as suitable to be licensed by a majority of the householders and freeholders residing in the election precincts in which it was proposed to carry on the business. Upon this state of legislation applicable to the sale of intoxicating liquors at Wetumpka in said county, appellant insists that he is entitled to license to sell liquors there under the acts last above referred to upon securing the recommendation required thereby; and this insistence is based upon the further contention or assumption that the Dispensary Act was repealed so far as it applied to Wetumpka by that clause of the act of February, 1899, to the effect that, notwithstanding

the prohibition therein contained as to Elmore county generally with an exception as to the town of Wetumpka, intoxicating liquors might be sold in Wetumpka under the restrictions then provided by laws applicable to said town.    We do not so construe the clause in question. There were two sets of restrictions provided by law in respect of the liquor traffic in Wetumpka at the time of the passage of the act of February 21, 1899.    One set were those imposed by the act of 1880-81 as amended by the act of 1884-85.    The other set of restrictions were those imposed by the Dispensary Act of February 18, 1899.    The restrictions of the former acts were continued in force by the latter act until January 1, 1900, and the restrictions of the latter act were to become effective on January 1, 1900.    But both sets of restrictions were *"provided by the laws applicable"* to Wetumpka at the passage of the act of February 21st, though both were not then in actual operation; and both sets are referred to by the legislature in saying that liquors "may be sold under the restrictions now provided by the laws applicable to" Wetumpka.    The purpose of the clause manifestly was to exclude any possibility of a conclusion from what had gone before in the section that either the act of 1880-81, as amended by the act of 1884-85 (to the extent it continued of force after February 18, 1899), or the act of February 18th was repealed by the act of February 21st.    And we accordingly hold that the only law relating to the liquor traffic in Wetumpka of force on and after January 1, 1900, was and is the Dispensary Act of February 18, 1899.

The other questions presented by this record were all determined adversely to this appellant in the case of *Sheppard v. Dowling, ante,* p. 1.

The judgment of the circuit court must be affirmed.